# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| DOSKOCIL MANUFACTURING COMPANY, INC. d/b/a PETMATE, | : : : |
| Plaintiff, | : : |
| V. | : CIVIL ACTION NO. _____ : |
| KC PET PRODUCTS, LLC, | : : |
| Defendant. | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Doskocil Manufacturing Company, Inc. d/b/a Petmate, ("Petmate"), by its undersigned counsel hereby files this Complaint for Declaratory Judgment against Defendant, KC Pet Products, LLC ("KC Pet Products") as follows:

## PARTIES

1. Plaintiff, Petmate, is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 2300 East Randol Mill Road, Arlington, Texas 76011.

2. Defendant, KC Pet Products, is a limited liability company organized under the laws of the State of Oregon with its principal place of business at 7731 Northeast 33rd Drive, Suite D, Portland, Oregon 97211.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under an Act of Congress and arising under the Lanham Act of 1946, 15 U.S.C. § 1051, et seq. and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. The matter in controversy in this action exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states. Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## NATURE OF THE ACTION

6. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq. seeking a declaration by this Court of the rights of the parties because there is an actual and justiciable controversy within this Court's jurisdiction concerning the non-infringement by Petmate of certain trademark rights claimed by KC Pet Products.

7. By letters dated July 2, 2013 and September 13, 2013, KC Pet Products has accused Petmate of infringing KC Pet Products alleged trademark "DryFur" in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and has demanded that Petmate pay monetary damages to avoid litigation and has threatened to commence litigation against Petmate seeking actual damages and disgorgement of profits made by Petmate in connection with the sale of certain goods which allegedly infringe KC Pet Products' alleged "DryFur" trademark. As a consequence of the actual controversy between the parties, Petmate seeks declaratory judgment seeking a declaration of non-infringement and no damages under the Lanham Act.

8. KC Pet Products directly and/or through distribution networks and interactive websites offers for sale, sells and/or distributes products within the State of Texas through its interactive website through which persons in Texas can and do order products from KC Pet Products, which are shipped by KC Pet Products to customers within the State of Texas. *See*,

e.g., various websites through which KC Pet Products sells its products: http://www.dryfur.com; http://www.classypets.com; hppt://www.sleepybod.com; hppt://www.amazon.com/pets.

9. KC Pet Products represents on its website (hppt://www.dryfur.com) that it sells its products "TOUCH PETS ALL OVER THE WORLD". To improve shipping efficiency and speed, KC Pet Products has relocated its place of business to the Portland International Airport where it is close to FedEx, USPS, VHL and UPS, which helps in shipping its DryFur products to its customers. A true and correct copy of a page of KC Pet Products' website is attached as Exhibit A, at Appx. 001.

## OPERATIVE FACTS

10. Petmate is a leading manufacturer and seller of pet care products and solutions, which it sells under a family of trademarks including "Petmate" and "Aspenpet".

11. In addition to selling pet carriers designed for transporting pets during travel, in June, 2013 Petmate introduced an airline travel kit which allows pet owners to comply with the airline requirements concerning the manner in which occupied pet carriers must be secured and marked during airline transport.

12. The airline travel kits which are sold under the trademarks "Petmate" and "Aspenpet" include the following:

   (1) Spill resistant food and water cup;
   (2) Cut-to-fit absorbent kennel pad;
   (3) Nuts and bolts (metal);
   (4) "Live Animals" stickers;
   (5) Temporary pet I.D. tag;
   (6) Zip ties; and
   (7) Shipping identification sticker.

A true and correct copy of a PowerPoint description of the Petmate Airline Travel Kit is attached as Exhibit B, at Appx. 003. A true and correct copy of a PowerPoint description of the Aspenpet Airline Travel Kit is attached as Exhibit C, at Appx. 009.

13. As part of the development of the airline travel kits as a new product, for comparison purposes, Petmate purchased airline travel kits manufactured by others, including an airline travel kit sold by KC Pet Products under the name "DryFur."

14. The DryFur Airline Travel Kit, like all airline travel kits contains a set of "Live Animals" stickers, which are labels that adhere to the sides of the travel carrier that identify the contents of the carrier as a live animal. All such labels must comply with IATA/USDA regulations, which require the labels be white with green letters. Accordingly, all "Live Animals" stickers look substantially the same.

15. In preparing photographs of the Petmate and Aspenpet Airline Travel Kits for use in packaging, labeling and advertising of the Petmate and Aspenpet Airline Travel Kits, a photographer inadvertently applied the "Live Animals" stickers from a DryFur Airline Travel Kit to a pet carrier which was then photographed and used in packaging and promotional material for the Petmate and Aspenpet Airline Travel Kits. True and correct photographs of the packages of both the Petmate and Aspenpet Airline Travel Kit packages are displayed below:





16. The "Live Animals" sticker inadvertently photographed for use and packaging of the Petmate and Aspenpet airline travel kits contained the following words in 3/8 inch type: "DRYFUR.com, KC PET PRODUCTS, LLC (888) 250-4824." Due to the small font size the quoted language is illegible and impossible to read as it appears on the packaging of both the Petmate and the Aspenpet Airline Travel Kits. A true and correct copy of the DryFur "Live Animals" sticker is attached as Exhibit D, at Appx. 015.

17. In addition to the packaging, the photographs of the Petmate and Aspenpet Airline Travel Kits containing the "Live Animals" sticker from the DryFur Airline Travel Kit were also used in a PowerPoint presentation used by Petmate sales representatives demonstrating the new airline travel kit products to potential customers. While barely legible, the above quoted language including the word "DRYFUR" appears on the "Live Animals" sticker portrayed in the PowerPoint presentation. *See, e.g.,* Exhibit B at Appx. 004, and Exhibit C at Appx. 010.

18. Notwithstanding that Petmate predominately displays its trademarks "Petmate" and "Aspenpet" on the packaging of its airline travel kits and in the PowerPoint presentation, KC Pet Products has accused Petmate of using the "DryFur" trademark of KC Pet Products to sell its airline travel kits which it claims is a "direct violation" of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

19. Upon receipt of the letter from counsel for KC Pet Products setting forth claims of trademark infringement, Petmate immediately discontinued all further production of packaging, marketing and PowerPoint presentations utilizing the inadvertently included "Live Animals" sticker and prepared all new packaging, brochures and PowerPoint presentations utilizing its own "Live Animals" sticker. A true and correct copy of Petmate's "Live Animals" sticker is attached as Exhibit E, at Appx. 016.

20. Notwithstanding the foregoing, KC Pet Products has continued to demand payment of monetary damages by Petmate and continues to threaten litigation against Petmate for damages allegedly sustained as a consequence of Petmate's inadvertent use of the "Live Animals" sticker which contains in 3/8 inch print, the word: "DryFur."

21. Petmate believes and therefore alleges that it has taken all reasonable and necessary measures to remediate any possible monetary damages or other harm to KC Pet Products.

22. Petmate does not believe that its inadvertent and short lived use of the "Live Animals" sticker, which contains the illegible and diminutive word "DryFur" in conjunction with its packaging and sales materials related to the Petmate and Aspenpet Airline Travel Kits that predominately display the "Petmate" and "Aspenpet" trademarks has caused in the past or is likely to cause in the future any confusion among the relevant purchasing public.

23. Notwithstanding the foregoing, the continued threats of litigation by KC Pet Products have created an actual and justiciable controversy and conflict which Petmate seeks to have remedied by the entry of Declaratory Judgment.

## REQUEST FOR RELIEF

24. Petmate respectfully requests that this Court grant the following relief:

   (a) Declare that Petmate has not infringed, either directly or indirectly, and is not infringing either directly or indirectly the "DryFur" trademark, as the "DryFur" trademark inadvertently included in Petmate materials is illegible and did not cause customer confusion as a matter of law;

   (b) Declare that KC Pet Products recovers nothing from Petmate;

   (c) Enjoin KC Pet Products and its representatives and any successors and assigns thereof from charging or asserting any infringement of the "DryFur" trademark against Petmate or any person or entity in privity with Petmate in connection with the inadvertent and discontinued use of a photograph of a "DryFur" Live Animals sticker;

(d) Award Petmate its costs, disbursements and reasonable attorney's fees (including expert fees), incurred in this action; and

(e) Award such other and further relief as the Court deems just and proper.

Dated: September 24, 2013

Respectfully submitted,

_____
Leonard (Ladd) A. Hirsch
Texas State Bar No. 09717300
DIAMOND MCCARTHY LLP
1201 Elm Street, 34th Floor
Renaissance Tower
Dallas, TX 75270
Phone: (214) 389-5300
Fax: (214) 389-5399
lhirsch@diamondmccarthy.com

Mark A. Willard, *Pro Hac Vice* Application to be filed
Pa. I.D. No. 18103
David V. Radack, *Pro Hac Vice* Application to be filed
Pa. I.D. No. 39633
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: (412) 566-6000
Fax: (412) 566-6099
mwillard@eckertseamans.com
dradack@eckertseamans.com

*Attorneys for Plaintiff, Doskocil Manufacturing Company, Inc. d/b/a Petmate*